IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MCINTOSH COUNTY, *et al.*, <br><br> Defendants. | Civ. No. 2:16-CV-00053-LGW-RSB |

### RULE 26(f) REPORT

The following parties or their attorneys held a conference pursuant to Federal Rule of Civil Procedure 26(f) and have discussed the case and conferred to prepare the following Rule 26(f) Report for the above-captioned case:

*(Identify, for each party, the counsel or unrepresented parties who attended the Rule 26(f) Conference, the date of the Rule 26(f) Conference, and the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report).*

On June 22, 2016, the following counsel attended a telephonic Rule 26(f) Conference:

Jamie Crook for Plaintiffs Sarah Frances Drayton, Carolyn Banks, Melvin Banks, Sr., Ceaser Banks, Nancy Banks, Lorie Banks on behalf of herself and the Estate of Melvin Banks, Jr., Marion Banks, Roberta Banks, Richard Banks, Ellen Brown, Carolyn Carter, Earlene Davis, Andrea Dixon, Deborah Dixon, Samuel L. Dixon, Dan Gardner, Cheryl Grant, Bobby Grovner, Celia Grovner, David Grovner, Sr., on behalf of himself and the Estate of Vernell Grovner, David Grovner, Jr., Eva Grovner, George Grovner, Iregene Grovner, Jr., Rall Grovner, Angelina Hall, Reginald Hall, Benjamin Hall, Florence Hall, Joseph Hall, Margaret Hall on behalf of herself and the Estate of Charles Hall, Merden Hall, Rosemary Harris, Harold Hillery, Johnnie Hillery, Brenda Jackson, Walter Johnson, Jesse Jones, Temperance Jones, Sonnie Jones, Harry Lee Jordan, Benjamin Lewis, Jr. on behalf of himself and the Estate of Benjamin Lewis, Sr., Delores Hillery Lewis, Johnny Matthews, Frances Mercer, Mary Dixon Palmer, Lisa Marie Scott, Andrea Sparrock, David Sparrock, Aaron Walker, Stacey White, Sylvia Williams, Valerie Williams, HELP Org, Inc., and Raccoon Hogg, CDC.

John Bumgartner and Bradley Watkins for Defendants McIntosh County, Stephen Jessup, and McIntosh County Board of Tax Assessors (hereinafter "County Defendants")

Michelle Hirsch and Julie Jacobs for Defendants State of Georgia, Sapelo Island Heritage Authority, Georgia Department of Natural Resources, Nathan Deal, and Mark Williams (hereinafter "State Defendants")

## I. INITIAL MATTERS:

### A. Jurisdiction and Venue:

The State Defendants object to the Court's jurisdiction on the grounds of Eleventh Amendment immunity, as set forth in the State Defendants' motion to dismiss. Although the Court has ruled on these immunities, the State Defendants make this statement to avoid any issue of waiver or abandonment of the issue. In addition, to the extent the Court may deem Defendant's argument that the First Amended Complaint fails to state a claim as an issue of "standing," State Defendants will continue to maintain that the Court lacks subject matter jurisdiction.

### B. Immunity:

Defendants State of Georgia, Georgia Department of Natural Resources, Sapelo Island Heritage Authority, Stephen Jessup, and McIntosh County Board of Tax Assessors have raised immunity defenses based on Eleventh Amendment immunity. The Court has already ruled on these Defendants' immunity defenses in its June 17, 2016 Order (Doc. 89).

### C. Stay of Discovery due to Motion to Dismiss:

*If either jurisdiction or venue is being challenged, or if a defense of immunity or some other initial defense will be raised, via a motion to dismiss or otherwise, state whether the parties wish to delay proceeding with the initial phases of discovery until those issues have been decided, and, if so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.*

Defendants wish to further stay all discovery pending the Court's ruling on the remaining issues raised in the two Motions to Dismiss (Docs. 46, 48).

Plaintiffs oppose any further stay. The Court has already ruled on Defendants' motions to stay and ruled that discovery could commence as of June 17, 2016. (Doc. 78.) Plaintiffs have already served written discovery requests.

## II. SETTLEMENT:

### A. Counsel state:

The parties have not yet taken any efforts to resolve this dispute.

2

      B.  <u>Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution, and:</u>

Defendants will not be prepared to discuss settlement until all dispositive motions are resolved. Plaintiffs are willing to discuss settlement at any time.

### III.    INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

      A.  <u>Initial Disclosures:</u>

Rule 26(a)(1) disclosures will be completed by July 22, 2016.

*Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the Parties' Rule 26(f) Conference. If any party is requesting additional time for providing additional disclosures, please explain why.*

All Defendants have requested thirty days to serve initial disclosures pursuant to Rule 26(a)(1) based on the volume of documents to be reviewed. Plaintiffs do not oppose this request.

      B.  <u>Scheduling Conference:</u>

*As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. The Court prefers that lead counsel and any unrepresented parties attend the Scheduling Conference in person but will allow appearance via telephone upon a showing of good cause. The Scheduling Conference should be held no more than twenty (20) days after the submission of this Report. If any party is requesting that the conference be held outside of this time period, please explain why. The parties propose the following dates for a Scheduling Conference:*

The parties are available for a Scheduling Conference at the Court's convenience. Counsel appeared in person for the May 17, 2016 status conference. All counsel are willing to attend a Scheduling Conference in person as well but would not oppose a telephonic conference if it suits the Court.

### IV.    DISCOVERY

*By Local Rule 26.1(d), all discovery (including the fling of any discovery motions) is to be completed within 140 days of the last answer of the defendants named in the original complaint. If any party proposes any discovery deadline outside of this time period, please state the reason why such time is necessary.*

A. <u>Fact Based Discovery</u>

    i.    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by March 17, 2017. The parties propose a deadline beyond the 140-day deadline in Local Rule 26.1(d) given the number of parties, the number of claims, and the anticipated scope of written and deposition discovery to be completed.

        Defendants maintain that it may not be possible to complete this amount of discovery in the nine months proposed in the preceding paragraph and may be necessary for the parties to seek an amendment to any Scheduling Order to allow for an extension of the discovery period and corresponding deadlines.

    ii.    The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is consistent with the limitations in Rule 33(a)(1). The parties discussed the possibility that one or more parties may need to approach the Court for leave to exceed this numerical limitation after conducting initial discovery.

    iii.    Discovery depositions of witnesses who have not been designated as experts will be completed by March 17, 2017.

    iv.    The parties agree that the maximum number of depositions (including all expert and non-expert depositions) that may be taken by a party should exceed the limit of ten depositions per side set by Federal Rule of Civil Procedure 30(a)(2)(A)(i). However, the parties have not agreed on whether to adopt an alternative numerical limit. The parties' positions are as follows:

        a.    Plaintiffs propose that: (1) Plaintiffs be allowed to depose each Defendant, each expert witness disclosed by any Defendant pursuant to Federal Rule of Civil Procedure 26(a)(2), and up to twenty additional witnesses; and (2) Defendants be allowed to depose each Plaintiff, each expert witness disclosed by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2), and up to twenty additional witnesses.

        b.    Without specifying the individuals to be deposed, the defendants believe that it would be imprudent to limit the number of depositions to be taken at this point. There are over fifty (50) plaintiffs in this suit, all of whom will need to be deposed. In addition, there are potentially as many (or more) non-party residents of Sapelo Island that may be deposed. Although the depositions of non-party Sapelo Island residents may be brief, it is not yet known how many such residents will need to be deposed. In addition, the defendants are unsure how many experts will be named and deposed or how many other non-party depositions will be taken. For these reasons, the defendants request that, at this time, no cap or limitation be placed on the number of depositions that may be taken.

    v.       Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1).

    vi.     The parties disagree as to the date for completing depositions of all witnesses (whether fact or expert) that are *de bene esse depositions* and taken not for discovery but for testimony to be used at trial.

Plaintiffs maintain that all depositions, whether for discovery or for testimony to be used at trial, should be completed by the close of fact discovery.

The defendants request that the parties be permitted to depose witnesses for use at trial at any point to and including two weeks before trial. Given the number of parties in this case, the number of potential non-party witnesses and experts, as well as the fact that many parties and potential witnesses reside outside of Georgia, it will likely be necessary to take some depositions for use at trial.

  B.  <u>Expert Discovery</u>

    i.      Expert Reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) shall be served as follows: Plaintiffs' Rule 26(a)(2)(B) expert reports and Rule 26(a)(2)(C) disclosures, if any, shall be served by January 17, 2017,[1] and Defendants' Rule 26(a)(2)(B) expert reports and Rule 26(a)(2)(C) disclosures, if any, shall be served by February 17, 2017.

*The parties may agree on separate dates for the plaintiff(s)' and the defendant(s)' expert reports and disclosures. By Local Rule 26.1(d), plaintiffs must serve expert materials within sixty (60) days of the Rule 26(f) Conference, and defendants must serve such materials by ninety (90) days of the Conference. If any party is requesting more than this time, please state the reason(s) why such time is necessary.*

The parties propose additional time to serve expert materials beyond the deadlines in Local Rule 26.1(d). As set forth above in Part IV.A.i, the parties have proposed a nine-month fact discovery period due to the number of parties, number of claims, and the anticipated scope of written and deposition discovery to be conducted. The stay of discovery was just lifted on June 17, 2016, and, in addition, Defendants are not required to file their Answers until the Court rules on the remaining issues set out in the pending Motions to Dismiss. Plaintiffs therefore request additional time to serve expert materials in order to conduct sufficient fact discovery concerning Plaintiffs' claims and Defendants' defenses in order for any expert witnesses for Plaintiffs will have a meaningful and reasonably complete record to review and analyze. Defendants do not oppose this request and seek to serve their expert materials within thirty days of receipt of Plaintiffs' expert materials.

---

[1] The parties' Proposed Scheduling Order (Doc. 81) contains two typographical errors in the proposed deadlines for service of Plaintiffs' and Defendants' expert reports. The parties intended to indicate January 17, **2017** as Plaintiffs' deadline and February 17, **2017** as Defendants' deadline.

      ii.        Discovery depositions of all witnesses who have been designated as experts will be completed by March 17, 2017.

  C.  <u>Agreed Discovery Procedures</u>

      i.        Unique Circumstances.

*Are there any facts or circumstances unique to this case that will make fact discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:*

As set forth above, the parties agree that fact discovery will be time consuming based on the number of parties and the number of claims and have agreed to address this by seeking a nine-month period for completing discovery.

The defendants maintain that given the large number of individual plaintiffs and the vast array of claims asserted in this action, discovery will be very time consuming and expensive for all parties. The defendants have motions to dismiss pending that are potentially dispositive of all claims asserted in this action. At a minimum, the pending motions should greatly narrow the issues in this case, in the event the motions are not granted in their entirety. For these reasons, the defendants submit that discovery should be stayed pending a ruling on the motions to dismiss. Alternatively, the defendants request an expedited ruling on the pending motions. The defendants anticipate filing a renewed motion requesting a stay of discovery or, alternatively, a motion seeking an expedited ruling on the motions to dismiss.

      ii.        Phased Discovery.

*Does any party propose that discovery be limited or proceed in phases (discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time)? If so, please list each party making such a proposal and briefly explain the party's proposal:*

No party proposes that discovery be limited or proceed in phases.

  D.  <u>Electronically Stored Information</u>

*By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.*

      i.        The parties do not anticipate disagreements about electronic discovery.

  ii. *Plaintiffs propose that the Scheduling Order include the following language regarding discovery of Electronically Stored Information:* The parties should produce electronically stored information ("ESI") in ".pdf" or ".tiff" format with bates-stamp identification, except for files that are not easily viewed in those formats. If an image file has been prepared with optical character recognition ("OCR"), then the OCR shall be maintained in the version produced. The producing party will provide ESI in native format for a reasonable number of documents upon request from the receiving party. Should any ESI that is produced in native format contain confidential information, the parties will address the handling of such confidential information in any stipulated protective order.

  iii. N/A.

 E. <u>Privileged, Protected, and/or Confidential Communications and Information</u>

 The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

  i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? If so, please briefly describe such agreement:

 The parties propose that if any materials are withheld during discovery on grounds of privilege, confidentiality, or protection, the withholding party will provide a privilege log that complies with Rule 26(b)(5) of the Federal Rules of Civil Procedure within ten days after each production from which documents identified as responsive are withheld as privileged, confidential, or protected, provided that all such privilege logs shall be provided no later than ten days prior to the end of discovery.

 The parties agree that they are not required to list in any privilege log communications between a party and his or its counsel after the party first sought legal assistance from counsel with respect to this matter; communications between any co-counsel or prospective co-counsel; or attorney notes, memoranda, or internal emails between or among co-counsel.

  ii. <u>Protected Health Information</u>

 *Do the parties anticipate that this case will involve an individual's medical records and/or protected health information including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?*

 The State Defendants may seek discovery of Plaintiffs' medical records. State Defendants maintain that by bringing an action under Title II, the Plaintiffs have placed their health and medical conditions at issue by premising a claim on their medical conditions. All Plaintiffs have

presumably placed their mental health at issue by making a claim for damages due to emotional distress. During the course of discovery, State Defendants may discover the need to access additional mental health records.

Plaintiffs maintain that Plaintiffs' medical records are irrelevant and not subject to discovery. Any medical records discovery permitted is subject to HIPAA and state and federal privileges and protections for health-related information.

*Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?*

No.

*Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?*

N/A.

*Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below or in the attachment a statement of good cause explaining the need for entry of such an order:*

As set forth above, State Defendants intend to seek medical and/or mental health information in discovery. The parties have conferred and agree that should any efforts to resolve disputes relating to this anticipated discovery prove unsuccessful, the parties will attempt in good faith to negotiate the terms of an agreement regarding the production of protected health information to present to the Court.

*Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? If so, please explain:*

At this time, the parties have not identified any disagreements as to the protection and confidentiality of health information. However, the parties disagree about the discoverability of such information under the Federal Rules.

## V.   MOTION DEADLINES

### A. Motions to Amend the Pleadings or to Add Parties

*By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.*

Plaintiffs request, and Defendants do not oppose, that the deadline to move to amend the pleadings or add parties be set at sixty days after the first filing of an answer or on October 17, 2016, whichever date is later. Plaintiffs seek an extension of the deadline to move to amend the pleadings or add parties because they need sufficient time to conduct initial discovery before determining whether to so move.

> i. The Plaintiffs may seek to amend pleadings or add parties depending on facts to be discovered during discovery.
>
> ii. The Defendants do not anticipate a need to amend pleadings or add parties.

B. Other Motions (Except Motions in Limine)

*If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary.*

Defendants request that the deadline for all motions other than motions in limine be set sixty days after the close of discovery due to the number of parties and the number of depositions they anticipate taking. Plaintiffs do not oppose a sixty-day deadline for filing all motions other than motions in limine.

## VI. ADDITIONAL MATTERS:

The parties discussed the issue of each Plaintiff's appearance for deposition in the Southern District of Georgia. Plaintiffs' counsel asked whether counsel for Defendants would agree to reasonable requests for those Plaintiffs who reside outside of the Southern District and for whom travel would be an undue medical burden to be deposed by video. Counsel for Defendants agreed.

For the reasons stated in § IV(c)i, the defendants anticipate filing a renewed motion requesting a stay of discovery or, alternatively, a motion seeking an expedited ruling on the pending motions to dismiss. (See Dkt. No. 46 & 48).

//

//

//

//

//

Dated: June 30, 2016

Respectfully submitted,

| | |
|---|---|
| /s/ Jamie L. Crook | /s/ Robert Jackson |
| Reed N. Colfax (admitted *pro hac vice)* | Robert Jackson (GA Bar #387750) |
| Ryan C. Downer (admitted *pro hac vice*) | ROBERT B. JACKSON, IV, LLC |
| Jia M. Cobb (admitted *pro hac vice*) | 260 Peachtree Street, Suite 2200 |
| Jamie L. Crook (admitted *pro hac vice*) | Atlanta, Georgia 30303 |
| RELMAN, DANE & COLFAX PLLC | Tel: 404-313-2039 |
| 1225 19th St., NW, Suite 600 | rbj4law@gmail.com |
| Washington, D.C. 20036 | |
| Tel: 202-728-1888 | |
| Fax: 202-728-0848 | |
| rcolfax@relmanlaw.com | |
| rdowner@relmanlaw.com | |
| jcobb@relmanlaw.com | |
| jcrook@relmanlaw.com | |

*Attorneys for Plaintiffs*

| | |
|---|---|
| /s/ John E. Bumgartner | /s/ Julie Adams Jacobs |
| John E. Bumgartner | Julie Adams Jacobs, Senior Assistant Attorney General |
| Richard K. Strickland | |
| Bradley J. Watkins | Michelle J. Hirsch, Assistant Attorney General |
| BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP | |
| | OFFICE OF THE ATTORNEY GENERAL |
| 5 Glynn Avenue, Post Office Box 220 | 40 Capitol Square, SW |
| Brunswick, GA 31521-0220 | Atlanta, Georgia 30334-1300 |
| Tel: (912) 264-8544 | Tel: (404) 463-5989 |
| Fax: (912) 264-9667 | Fax: (404) 657-3239 |
| jbumgartner@brbcsw.com | jjacobs@law.ga.gov |
| rstrickland@brbcsw.com | mhirsch@law.ga.gov |
| bwatkins@brbcsw.com | |
| *Attorneys for Defendants McIntosh County, Sheriff Stephen Jessup, and McIntosh County Board of Tax Assessors* | *Attorneys for Defendants State of Georgia, Governor Nathan Deal, Georgia Department of Natural Resources, Georgia Department of Natural Resources Commissioner Mark Williams, and Sapelo Island Heritage Authority* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of June, 2016, a copy of the foregoing Rule 26(f) Report was filed on the CM/ECF system for the Southern District of Georgia, which will send notification of such filing to all counsel of record.

                                            /s/ Jamie L. Crook
                                            Jamie L. Crook
                                            *Attorney for Plaintiffs*