IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON; et al., | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-53 |
| v. | |
| MCINTOSH COUNTY, GEORGIA; et al., | |
| Defendants. | |

**O R D E R**

For the reasons and in the manner set forth below, the Court **LIFTS** the stay of discovery in this case. The Court sets this matter for a telephonic scheduling conference on Tuesday, September 27, 2016, at 10:00 AM, before the undersigned.

**BACKGROUND**

This Court originally stayed discovery in this case on May 17, 2016, due to the parties' Motions to Dismiss. (Doc. 78.) The Court imposed the stay until June 16, 2016, so that the Court could consider the Defendants' immunity arguments raised in their Motions to Dismiss. (Id.; Doc. 79.) On June 17, 2016, the Court granted in part, denied in part, and deferred in part Defendants' Motions to Dismiss. (Doc. 89.) In that Order, the Court explained that it had "stayed this action pending a resolution of only the immunity issues raised in the Motions, see dkt. no. 79, and now addresses only those issues, so that the parties may proceed with discovery and reach a resolution of this case expeditiously." (Id. at p. 10.)

Following that Order, Defendants McIntosh County, Georgia, McIntosh County Sheriff Steven Jessup, and McIntosh County Board of Tax Assessors, renewed their Motion to Stay

Discovery. (Doc. 91.) They asked that discovery be stayed until the Court fully resolved the Motions to Dismiss. Though the Court ruled upon that Motion prior to the expiration of Plaintiffs' time to respond, Plaintiffs opposed a stay of discovery in the parties' Rule 26(f) Report. (Doc. 90.) However, Plaintiffs then filed a Motion for Reconsideration of the Court's June 17, 2016 Order. (Doc. 92.) In light of the Motion for Reconsideration, the Court granted the Motion to Stay on July 15, 2016. (Doc. 97.) Plaintiffs then appealed that grant of a stay. (Doc. 98.) The Court has now denied Plaintiffs' Motion for Reconsideration, (doc. 99), and the parties' have fully briefed whether discovery should remain stayed, (docs. 100, 101, 104).

## DISCUSSION

As the Court previously explained, "this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss." (Doc. 97, p. 2 (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011)). However, courts do not follow a *per se* rule and stay discovery in every case where a Motion to Dismiss is pending. See Jones v. Bank of Am. Corp., No. 4:08-CV-152 WLS, 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013); Ave Maria Univ. v. Sebelius, No. 2:12-CV-88-FTM-99SPC, 2012 WL 3128015, at *1 (M.D. Fla. July 31, 2012) ("Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss.") Rather, when weighing whether to impose or continue a stay of discovery while a motion to dismiss is pending, the Court has to balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely

2

eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A stay in this case is no longer necessary to ensure the just, speedy, and inexpensive determination of this action.  This case is atypical in that the Court has already considered (and denied in part) a large portion of the arguments raised in Defendants' Motions to Dismiss.  Further, the Court has now resolved Plaintiffs' Motion for Reconsideration of the Court's immunity rulings.  While portions of Defendants' Motions remain pending, a "preliminary peek" at Defendants' arguments does not reveal Plaintiffs' claims to be so frivolous that discovery should continue to be delayed.   Further, the State Defendants have implicitly acknowledged that even if the Court were to rule in their favor on the remaining portions of their Motion to Dismiss, Plaintiffs' claim under Title II of the Americans with Disabilities Act would remain.  (Doc. 94, p. 2.)

## CONCLUSION

For the above stated reasons, the Court **LIFTS** the stay of discovery in this matter.  Additionally, Plaintiffs' Appeal of the Magistrate Judge's decision, (doc. 98), is **DISMISSED AS MOOT**.

However, given the amount of discovery outlined in the parties' Rule 26(f) Report (doc. 90), it is prudent to hold a scheduling conference and for the Court and the parties to discuss the parameters of discovery prior to the commencement of discovery.  Accordingly, pursuant to Federal Rule of Civil Procedure 16(a), the Court sets this matter for a telephonic scheduling conference on Tuesday, September 27, 2016, at 10:00 AM.  Prior to that conference, counsel for all parties shall discuss (over the telephone or in person) proposals for discovery to move forward in a manner that seeks to prevent unnecessary delay and also avoids unnecessary

expense. The Court will discuss those proposals at the scheduling conference, and issue a scheduling order following the conference. All deadlines for any party to respond to any discovery request are continued until after the conclusion of the scheduling conference.

**SO ORDERED**, this 19th day of September, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA