**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| SARAH FRANCES DRAYTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MCINTOSH COUNTY, *et al.*, <br><br> Defendants. | Civ. No. 2:16-CV-00053-LGW-RSB |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules and General Orders of this Court and the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5.2. Unless modified under the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. In support of this Order, the Court finds that:

Discovery in this action may involve the exchange of sensitive materials, including documents that may include information such as individuals' social security numbers, residential addresses, financial records, and other information of a private nature. The Parties intend that private information be kept confidential pursuant to the terms of this Confidentiality Stipulation and Protective Order ("Protective Order"). Information subject to this Protective Order shall not be distributed or otherwise disclosed except as provided herein. To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

## I. Scope of this Protective Order

1. For purposes of this Protective Order, the term:

"Confidential Material" is defined as information that the producing Party designates in good faith should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the parties and/or nonparties. Confidential Material refers to any record, document, tangible thing, testimony, information, or other material disclosed, or to be disclosed, through formal or informal discovery or otherwise in the course of this litigation, that contains: personal data identifiers as listed in this Court's local rules, general orders, or the Federal Rules of Civil Procedure; birth dates; social security numbers; tax payer identification numbers; income tax returns; medical information; psychological information; criminal records; residential addresses; identities of minor children; and the current home or cellular telephone number(s) of any Party, witness, or potential witness in this action. The Parties may move the Court for the inclusion of additional categories of confidential material. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable, relevant, or admissible, or on any potential objection to the discoverability, relevance, or admissibility of any record.

2. The confidentiality of medical and psychological information and other private health information is governed by Addendum 1 to this Order.

## II. Designation of Confidential Material

3. The Parties shall mark Confidential Material that identifies specific individuals as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." For any Confidential Material,

such as computer data, the medium of which makes such stamping impracticable, the Parties shall mark the diskette case and/or accompanying cover letter as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Initial Disclosures, answers to interrogatories and other responses to discovery requests, if any, that contain protected information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and shall be subject to the limitations on the use of Confidential Material as set forth herein.

4. Inadvertent failure to designate any document or material as containing Confidential Material will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

5. Any Confidential Material produced by the Parties that is designated as Confidential Material shall be used only for purposes of litigating this action, including any subsequent appeals. The defendants, private plaintiffs, and their representatives shall not disclose Confidential Material or any portion thereof to any person or entity not identified in paragraph 6, below.

6. Except as provided in this Protective Order or otherwise ordered by this Court, any Confidential Material that are marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following persons:

    (a) Counsel in this action;

    (b) Parties in this action, to the extent disclosure is necessary for this litigation;

    (c) Partners, associates, and legal staff of Counsel in this action, to the extent reasonably necessary to render professional services in this action;

    (d) persons retained by the Parties or their counsel to assist in discovery,

preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

(e) persons with factual knowledge relating to this action who may testify as witnesses at any hearing, including complainants, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action;

(f) any deponent in this action during his or her deposition and preparation therefor;

(g) court reporters and videographers privately-retained to take depositions, under the terms and limitations specified in this Protective Order; and

(h) Employees of the Georgia Department of Administrative Services ("GDOAS") to the extent necessary for the GDOAS to administer any General Liability Agreements for Defendants State of Georgia and Georgia Department of Natural Resources.

7. The Parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Material pursuant to the terms of this Protective Order. All individuals to whom Confidential Material is disclosed shall be informed of and shall agree to the terms of this Protective Order prior to receiving access to any confidential material and shall not disclose information subject to this Protective Order to the public or to any person or entity except as provided in this Order. Prior to the disclosure of any Confidential Material to any individual(s) identified in Paragraph 6(e) and/or Paragraph 6(f), said individual(s) shall acknowledge their agreement to comply with the provisions of this Protective Order by signing a copy of the Acknowledgment of Stipulation and Protective Order ("Acknowledgment") included herein as Attachment A. Counsel will retain copies of the executed Acknowledgement forms and shall retain the original acknowledgment forms until such

time as this litigation, including all appeals, is concluded.

8. If any Party or its attorney wishes to disclose Confidential Material subject to this Protective Order to any person other than those indicated in paragraph 6, above, the attorneys must obtain the producing Party's written consent in advance of such disclosure. Any other persons whom counsel agree may view Confidential Material must also sign Attachment A. If the producing Party does not consent to the proposed disclosure, then the attorneys may, on motion after conferring with opposing counsel, seek modification of this Protective Order from the Court.

9. Any summary or copy of Confidential Material shall be subject to the terms of this Protective Order to the same extent as the information from which summary or copy is made.

10. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

11. In the event a Party seeks to file any document containing Confidential Material subject to protection under this Protective Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the Party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with S.D. Ga. Rule 79.7.

12. In no circumstance will this Protective Order restrict the Court from using

Confidential Material.

13. Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present, or anticipates that another Party may present, Confidential Material at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Material except as allowed under this Order. The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

14. Each Party reserves the right to move to modify the terms of this Protective Order and to oppose any motion to modify the terms of this Protective Order, including to modify the definition of Confidential Material, provided that counsel must confer in advance of filing such motion.

15. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

### III. <u>**Destruction of Confidential Material at the Conclusion of Litigation**</u>

16. The defendants, private plaintiffs, and other receiving individuals shall redact, destroy, or obliterate all Confidential Material, including all copies thereof, produced or created in connection with this action upon its conclusion, including any subsequent appeals. Within 30 days of the conclusion of this action and any subsequent appeals, counsel or other persons receiving Confidential Material protected under this Protective Order must certify in writing to the Parties' counsel that all protected materials, and all copies thereof, have been redacted, destroyed, or obliterated. Within 30 days of the conclusion of this action, and any subsequent

appeals, counsel or other persons receiving Confidential Material must also certify in writing that any documents they have created that contain Confidential Material have been redacted, destroyed, or obliterated provided, however, that no Party is required to redact, destroy, or obliterate any deposition or hearing transcript or any document or copy thereof that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this action, except to the same degree as the Court required before filing.

17. Nothing herein shall affect the ability of counsel for any Party to use Confidential Material to locate, contact, depose, or interview potential witnesses in this matter. Nothing in this Protective Order limits the ability of any Party to appropriately object to attempts to locate, contact, depose, or interview potential witnesses in this matter.

18. Inadvertent or unintentional production of documents or information containing Confidential Material that is not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

19. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

20. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21. The Court anticipates and encourages the Parties to file a motion to modify the terms

hereof with respect to the sharing of protected documents as necessary; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a Party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

### **ORDER**

Upon consideration of the issues relating to this litigation and the proposed Protective Order Regarding Disclosure of Confidential Material,

IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties are authorized to release Confidential Material in the context of this litigation without obtaining prior written consent of the individuals to whom the Confidential Material pertain, pursuant to the terms specified in the attached Stipulation.

IT IS FURTHER ORDERED that the Parties are authorized to exchange Confidential Material subject to the terms and limitations specified in the attached Stipulation.

SO ORDERED, this 10th day of February, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# **ATTACHMENT A**

## ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER

      I have read and understand the Joint Proposed Confidentiality Stipulation and Protective Order Regarding Disclosure of Confidential Material ("the Order") entered in this action, and hereby agree to be bound by the terms thereof. I confirm that my duties under this Acknowledgment shall survive the termination of this action and are binding upon me for all time. I consent to the personal jurisdiction of the United States District Court for the Southern District of Georgia in the above-captioned action for the purpose of enforcing the aforementioned Order.

                                                                                  _____

                                                                                                   [signature]

                                                                                   _____

                                                                                   [print name]

                                                                                   _____

                                                                               [print address]

We so move and agree to abide by the terms of the Order:

Dated: February 3, 2017

Respectfully submitted,

/s/ Jamie L. Crook
Reed N. Colfax (admitted *pro hac vice*)
Ryan C. Downer (admitted *pro hac vice*)
Jia M. Cobb (admitted *pro hac vice*)
Jamie L. Crook (admitted *pro hac vice*)
RELMAN, DANE & COLFAX PLLC
1225 19th St., NW, Suite 600
Washington, D.C. 20036
Tel: 202-728-1888
Fax: 202-728-0848
rcolfax@relmanlaw.com
rdowner@relmanlaw.com
jcobb@relmanlaw.com
jcrook@relmanlaw.com

/s/ Robert Jackson
Robert Jackson (GA Bar #387750)
ROBERT B. JACKSON, IV, LLC
260 Peachtree Street, Suite 2200
Atlanta, Georgia 30303
Tel: 404-313-2039
rbj4law@gmail.com

*Attorneys for Plaintifs*

/s/ John E. Bumgartner
John E. Bumgartner
Richard K. Strickland
Bradley J. Watkins
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue, Post Office Box 220
Brunswick, GA 31521-0220
Tel: (912) 264-8544
Fax: (912) 264-9667
jbumgartner@brbcsw.com
rstrickland@brbcsw.com
bwatkins@brbcsw.com

*Attorneys for Defendants McIntosh County, Sheriff Stephen Jessup, and McIntosh County Board of Tax Assessors*

/s/ Julie Adams Jacobs
Julie Adams Jacobs, Senior Assistant Attorney General
Michelle J. Hirsch, Assistant Attorney General
Britany H. Bolton, Assistant Attorney General
Alkesh B. Patel, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Tel: (404) 463-5989
Fax: (404) 657-3239
jjacobs@law.ga.gov
mhirsch@law.ga.gov
apatel@law.ga.gov

*Attorneys for Defendants State of Georgia, Governor Nathan Deal, Georgia Department of Natural Resources, and Georgia Department of Natural Resources Commissioner Mark Williams*

# ADDENDUM 1:
# CONFIDENTIAL HEALTH INFORMATION

1. This addendum shall govern the use and disclosure of all material and information designated as "CONFIDENTIAL – MEDICAL" pursuant to Paragraph 3 of this Addendum. The terms of the Confidentiality Stipulation and Protective Order shall apply to material and information so designated, except as altered by this Addendum.

2. "Confidential Health Information" means any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care or health services regarding the individual, relates to the physical or mental health condition of such individual in any way, or relates to the provision of health care to such individual. "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, summary forms, intake forms, and related records. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information."

3. Either party may designate any documents or other materials as "CONFIDENTIAL – MEDICAL" if counsel believes, in good faith, that the documents contain or reflect Confidential Health Information.

4. Any Confidential Health Information filed with the Court shall be filed under seal according to the procedures set forth in the Confidentiality Stipulation and Protective Order.

5. Materials designated as "CONFIDENTIAL – MEDICAL" shall be used or disclosed by the receiving party solely for purposes of prosecuting or defending this action, and shall not be revealed, discussed, or disclosed to any person or entity other than:

   (a) The attorneys that have entered appearances in this litigation and necessary staff

employed by such attorneys;

(b) The Court in this action, or any other court having jurisdiction over discovery procedures in the action, and any court reporter or typist recording or transcribing testimony in this action, and any outside, independent reproduction firm;

(c) Employees of the Georgia Department of Administrative Services ("GDOAS") to the extent necessary for the GDOAS to administer any General Liability Agreements for Defendants State of Georgia and Georgia Department of Natural Resources;

(d) Medical or psychiatric experts retained by the Parties in connection with this matter, whether testifying or non-testifying;

(e) Witnesses during their depositions whose testimony concerns either the subject matter of the documents containing Confidential Health Information or Plaintiffs' allegations of emotional distress;

(f) Individuals who authored or previously received the document in question; or

(g) Other persons who may be designated by consent of all attorneys of record or pursuant to Court order.

6. Prior to disclosure to any person pursuant to Paragraph 5(d), (e), or (g), such person shall be furnished with a copy of the Confidentiality Stipulation and Protective Order and this Addendum and shall be required to certify in writing that he or she has read this Order and Addendum, understands it, and agrees to be bound by its terms. Such certification shall be in the form of the Acknowledgment of Stipulation and Protective Order included as Attachment A.

7. The recipient of any Confidential Health Information that is provided pursuant to this Order shall maintain such Confidential Health Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody, and use of all Confidential

Health Information; and shall not reveal, discuss, or disclose such Confidential Health Information in any manner or in any form, to any person or any entity other than as provided in this Order.

8. Materials designated "CONFIDENTIAL – MEDICAL" shall be destroyed by the receiving party (and certified in a letter as having been destroyed), or returned to the producing party as indicated in Part III, Paragraph 16 of the Confidentiality Stipulation and Protective Order.