IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:16-cv-53 |
| v. | |
| MCINTOSH COUNTY, GEORGIA, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants McIntosh County, Georgia, McIntosh County Sheriff Steve Jessup, and the McIntosh County Board of Tax Assessors' (collectively, "the County Defendants"), Motion to Suspend and/or Stay Discovery. (Doc. 148.) The County Defendants seek an indefinite stay pending the Court's ruling on its Motion to Dismiss, (doc. 46). Plaintiff filed a Response opposing the Motion, but consented to a sixty (60) day stay "in light of the fact that this case was recently transferred to Judge Bowen, who will have to rule on the remaining aspects of the Motion to Dismiss." (Doc. 151, p. 1.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997) (footnotes omitted).  For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson Cty., No. 5:15-CV-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

  The Court recognizes that Chudasama and its progeny do not create a *per se* rule that discovery is stayed every time a motion to dismiss is filed.  See S. Motors Chevrolet, Inc. v. General Motors, LLC, No. CV414-152, 2014 WL 5644089, at *1.  Nonetheless, the principle espoused in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is instructive to the Court's inquiry at hand.  Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

As noted in the Court's past Orders in this case, given the Court's resolution of portions of Defendants' Motions for Dismissal, some discovery has been warranted in this case. However, Plaintiffs have now consented to a temporary stay of sixty (60) days due to the recent transfer of this case to Judge Bowen. (Doc. 151, p. 1.) After careful consideration, the Court finds Plaintiffs' proposal reasonable and appropriate. A limited, 60-day stay reduces both the harm the delay in discovery may cause to Plaintiffs as well as the cost and burdens of discovery to Defendants should their Motion to Dismiss be granted during this time.

THEREFORE, IT IS HEREBY ORDERED that **all** discovery proceedings in this case are stayed for a period of **sixty (60) days**.[1] The undersigned's Courtroom Deputy Clerk shall contact the parties towards the end of the 60-day period to schedule a status conference to discuss whether the stay should remain in place or the case should proceed.

**SO ORDERED**, this 4th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] This stay is imposed as to all Defendants in this case, not just the County Defendants. Although the County Defendants' Motion did not request a stay for all Defendants, the Court finds it prudent to stay all discovery for all parties during the 60-day period. For instance, if the stay did not apply to all parties, the other Defendants and Plaintiffs may proceed with discovery depositions. Either the County Defendants would have to participate in those depositions, or if the Motion to Dismiss is denied, the deponents would have to be deposed again after the stay with the County Defendants' counsel present.