IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCIS DRAYTON, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:16-cv-53 |
| v. | |
| MCINTOSH COUNTY, GEORGIA, et al., | |
| Defendants. | |

## O R D E R

This matter is before the Court on Plaintiff Ellen Brown's response, (doc. 264), to the Court's Order of June 29, 2020, (doc. 263), and Plaintiffs Merden Hall and Walter Johnson's failure to respond to that Order. For the following reasons, the Court **DISMISSES** Hall and Johnson's claims **WITH PREJUDICE** for failure to follow the Court's directive and failure to prosecute. As to Brown, however, the Court **ORDERS** her to file a response to Defendants' Motion to Dismiss, (doc. 228), within **fourteen (14) days** of this Order.

### BACKGROUND

On December 9, 2015, Hall, Brown and Johnson, along with several other Plaintiffs, filed their Complaint initiating this action. (Doc. 1.) At that time, Hall, Brown, and Johnson were represented by counsel. (Id.) However, during the discovery period, the Court granted motions permitting counsel to withdraw from representing these three Plaintiffs. (Docs. 129, 152, 195.) Since then, Hall, Brown, and Johnson have each failed to appear for their noticed depositions. (Docs. 227-3, 227-7, 228-5, 229-5.) In response, several Defendants filed Motions to Dismiss Hall, Brown, and Johnson. (Docs. 227, 228, 229.) When these Plaintiffs did not respond to the Motions, the Court entered an Order directing them to file responses either opposing the Motions

to Dismiss or indicating their lack of opposition by May 29, 2020. (Doc. 254.) The Court alerted Plaintiffs that, should they fail to respond to the Motions to Dismiss, the Court would presume that they do not oppose the Motions. (Id. at p. 2.)  The Court also explained that a failure to respond could result in dismissal of their claims. (Id.)  The Court provided Plaintiffs with copies of Federal Rules of Civil Procedure 37 and 41 to ensure that they had full notice of the requirements of the Rules regarding motions to dismiss. (Id.)  Hall, Brown, and Johnson, however, still did not respond to the Motions to Dismiss.

On June 29, 2020, the Court ordered Hall, Brown, and Johnson to show cause within fourteen days why their claims should not be dismissed with prejudice for failing to comply with the Court's May 1, 2020 Order and for failure to prosecute. (Doc. 263, p. 3.)  The Court also explicitly warned Plaintiffs that their failure to show case would result in dismissal of all their claims against all the Defendants in this action with prejudice. Id.  Hall and Johnson did not respond in any manner to this Order. On July 14, 2014, one day after the deadline for responses, the Court received a letter from Brown, stating that she "do[es] not wish to be dismissed from the lawsuit," and that she "was not available at the time of [the] scheduled deposition" and "sincerely apologize[s] for any inconvenience this may have caused." (Doc. 264, p. 1.)

## DISCUSSION

As Hall and Johnson did not respond to the Court's June 29, 2020 Order at all, the Court will first address their claims. The Court will then address Brown's response to the Order.

**I.  Hall and Johnson's Claims**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962); Coleman v. St. Lucie Cty. Jail,

2

433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . ."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

While the Court exercises its discretion to dismiss cases with caution, dismissal of Plaintiffs Hall and Johnson's claims with prejudice is warranted. Hall and Johnson failed to respond to the Court's June 29, 2020 Order despite the Court's warning that not responding would result in dismissal of their claims with prejudice, and this strongly supports such a dismissal. See

3

Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th 1987) ("The court has the power . . . to dismiss a case with prejudice . . . for failure to comply with court orders . . . .").

In addition to not responding to the June 29, 2020 Order, these two Plaintiffs each failed to appear at their noticed depositions. (Docs. 227-3, 227-7, 229-5.) They also failed to respond to the Defendants' Motions to Dismiss, (doc. 227, 229), and the Court's May 29, 2020 Order, (doc. 254). Indeed, a review of the record indicates that Hall and Johnson have not taken any action in this case since assuming *pro se* status, which was nearly three years ago for Hall and even longer for Johnson. (See docs. 129, 152.) In light of these facts, the Court finds that Hall and Johnson have willfully disobeyed the Court's Orders and failed to prosecute this civil action with reasonable promptness. Because of these two Plaintiffs' abysmal record of missing deadlines, the Court has no reason to believe that their flagrant disregard of their obligations as litigants will be rectified by an order containing sanctions short of dismissal with prejudice. See Calloway v. Perdue Farms, Inc., 313 F. App'x 246, 250 (11th Cir. 2009) (per curiam) ("In light of the fact that [plaintiff] was warned that his failure to respond to [defendant's] motion would result in dismissal of his complaint with prejudice, yet still refused to pursue his case, the district court's determination that lesser sanctions would be futile was not unreasonable."). As a result, the Court **DISMISSES** Hall and Johnson's claims **WITH PREJUDICE**.

**II.     Brown's Claims**

Unlike Hall and Johnson, Brown did act in response to the Court's show cause Order. In her letter, however, Brown states only that she "do[es] not wish to be dismissed," that she did not

4

appear at her deposition because she "was not available" at that time, and that, in the past, she "attend[ed] and cooperated with meetings [and] conference calls." (Doc. 264.) However, she continues to neglect to address the arguments that Defendants raised in their Motion to Dismiss, (doc. 228). Since the letter indicates that she would like to remain in this suit, the Court, acting in an abundance of caution, will provide Brown a final opportunity to respond to the Defendants' allegations and their argument that she should be dismissed from the case with prejudice. Accordingly, the Court **ORDERS** Brown to respond to Defendants' Motion to Dismiss within **fourteen (14) days** of this Order.[1] **Should Plaintiff Brown fail to comply with this Order, the Court will dismiss, with prejudice, all of the claims she has asserted against each and every Defendant.**

## CONCLUSION

For the above-stated reasons, the Court *sua sponte* **DISMISSES** Plaintiffs Merden Hall and Walter Johnson's claims **WITH PREJUDICE**. Accordingly, the Court **DENIES AS MOOT** Defendants' Motions to Dismiss Hall and Johnson. (Docs. 227, 229.) The Court **DIRECTS** the Clerk of Court to **TERMINATE** these Plaintiffs as parties to this action. In addition, the Court **ORDERS** Plaintiff Brown to respond to Defendants' Motion to Dismiss, (doc. 228), within **fourteen (14) days** of this Order. To assure that Brown's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failing to appear at depositions, in particular, the Clerk of Court is hereby

---

[1] The Court acknowledges that Defendants filed a supplemental brief urging the Court to dismiss Brown's claims with prejudice notwithstanding her letter. (Doc. 265.) However, given Brown's *pro se* status, and for the reasons described herein, the Court finds it prudent to order Brown to file a more detailed response. If and when Brown files the ordered response, Defendants will have **ten (10) days** to file supplemental briefing, if they so desire.

instructed to attach a copy of Federal Rules of Civil Procedure 37 and 41 to the copy of this Order that is served on Plaintiff Brown.

**SO ORDERED**, this 17th day of July, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA