IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCIS DRAYTON, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:16-cv-53 |
| v. | |
| MCINTOSH COUNTY, GEORGIA, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff Ellen Brown's failure to respond to the Court's July 17, 2020 Order. For the following reasons, the Court **DISMISSES** Brown's claims **WITH PREJUDICE** for failure to follow the Court's directive and failure to prosecute.

**BACKGROUND**

On December 9, 2015, Brown and several other Plaintiffs filed a Complaint initiating this action. (Doc. 1.) At that time, Brown was represented by counsel. (Id.) However, during the discovery period, the Court granted a motion permitting counsel to withdraw from representing her. (Doc. 195.) Since then, Brown failed to appear for her noticed deposition. (Doc. 228-5.) In response, several Defendants filed a Motion to Dismiss Brown. (Doc. 228.) When Brown did not respond to the Motion, the Court entered an Order directing her to file a response either opposing the Motion to Dismiss or indicating her lack of opposition by May 29, 2020. (Doc. 254.) The Court alerted her that, should she fail to respond to the Motion to Dismiss, the Court would presume that she did not oppose the Motion. (Id. at p. 2.) The Court also explained that a failure to respond could result in dismissal of her claims. (Id.) The Court provided Brown with copies of Federal Rules of Civil Procedure 37 and 41 to ensure that she had full notice of the requirements

of the Rules regarding motions to dismiss. (Id.) Brown, however, still did not respond to the Motion to Dismiss.

On June 29, 2020, the Court ordered Brown to show cause within fourteen days why her claims should not be dismissed with prejudice for failing to comply with the Court's May 1, 2020 Order and for failure to prosecute. (Doc. 263, p. 3.) The Court also explicitly warned Brown that her failure to show cause would result in dismissal of all her claims against all the Defendants in this action with prejudice. (Id.) On July 14, 2020, one day after the deadline for responses, the Court received a letter from Brown, stating that she "do[es] not wish to be dismissed from the lawsuit," and that she "was not available at the time of [the] scheduled deposition" and "sincerely apologize[s] for any inconvenience this may have caused." (Doc. 264, p. 1.) However, Brown still did not address the arguments that Defendants raised in their Motion to Dismiss.

Since Brown did indicate that she wished to remain part of the suit, the Court, "acting in an abundance of caution," issued another Order on July 17, 2020, instructing Brown to respond to Defendants' Motion to Dismiss within fourteen days. (Id. at p. 5.) The Court specifically warned Brown that if she failed to respond, the Court would dismiss all her claims against all the Defendants in this action with prejudice. (Id.) The Court also again provided Brown with copies of Federal Rules of Civil Procedure 37 and 41 to ensure she had notice of these rules' requirements. More than fourteen days have passed, and Brown has not responded to the Court's July 17, 2020 Order.

**DISCUSSION**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962); Coleman v. St. Lucie Cty. Jail,

433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . .").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

While the Court exercises its discretion to dismiss cases with caution, dismissal of Plaintiff Brown's claims with prejudice is warranted.  Brown failed to respond to the Court's July 17, 2020 Order despite the Court's warning that not responding would result in dismissal of her claims with prejudice, and this strongly supports such a dismissal.  See Moon v. Newsome, 863 F.2d 835, 837

(11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987) ("The court has the power . . . to dismiss a case with prejudice . . . for failure to comply with court orders . . . .").

In addition to not responding to the July 17, 2020 Order, Brown failed to appear for her noticed deposition. (Doc. 228-5.) She also failed to respond to the Defendants' Motion to Dismiss, (doc. 228), and the Court's May 1, 2020 Order, (doc. 254). Brown did file a response to the Court's June 29, 2020 Order; however, that response was submitted after the deadline and, most importantly, did not address Defendants' arguments in their Motion to Dismiss. (Doc. 264.) In light of these facts, the Court finds that Brown has willfully disobeyed the Court's Orders and failed to prosecute this civil action with reasonable promptness. Because of Brown's record of missing numerous deadlines and ignoring the Court's orders on multiple occasions, the Court has no reason to believe that her flagrant disregard of her obligations as a litigant will be rectified by an order containing sanctions short of dismissal with prejudice. See Calloway v. Perdue Farms, Inc., 313 F. App'x 246, 250 (11th Cir. 2009) (per curiam) ("In light of the fact that [the plaintiff] was warned that his failure to respond to [the defendant's] motion would result in dismissal of his complaint with prejudice, yet still refused to pursue his case, the district court's determination that lesser sanctions would be futile was not unreasonable."). As a result, the Court **DISMISSES** Brown's claims **WITH PREJUDICE**.

## CONCLUSION

For the above-stated reasons, the Court *sua sponte* **DISMISSES** Plaintiff Ellen Brown's claims **WITH PREJUDICE**. Accordingly, the Court **DENIES AS MOOT** Defendants' Motion

to Dismiss Brown.  (Doc. 228.)  The Court **DIRECTS** the Clerk of Court to **TERMINATE** Brown as a party to this action.

**SO ORDERED**, this 3rd day of September, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA