# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MCINTOSH COUNTY, *et al.*, <br><br> Defendants. | Civ. No. 2:16-CV-00053-RSB-BWC |

## ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to the Court's Order, Dkt. 480, Valencia Yarbrough and Michael Dawson on behalf of the Estate of Plaintiff Valerie Dawson ("the Estate") and Defendant McIntosh County ("the County") have reached and executed the settlement agreement resolving all the Estate's claims against the County. *See* Exhibit A, Addendum to Settlement Agreement.

Accordingly, and as agreed by the Estate and the County, this Court dismisses the Estate's claims with prejudice, with the Estate and the County to each bear their own costs and fees; however, the Estate or the County may move this Court, within three years of the Effective Date of this Order, to reopen the case to enforce the terms of the Settlement Agreement. Dkt. 480.

SO ORDERED, this ___ day of _____, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MCINTOSH COUNTY, <br><br> Defendant. | Civ. No. 2:16-CV-00053-RSB-BWC |

**SETTLEMENT ADDENDUM**

1.  This Addendum is an Agreement between Valencia Yarbrough and Michael Dawson on behalf of Plaintiff the Estate of Valerie Dawson ("the Estate") and Defendant McIntosh County.

2.  Effective August 4, 2022, Plaintiffs Shirley Grant on behalf of the Estate of Sarah Frances Drayton; Ceaser Banks; Nancy Banks; Lorie Banks on behalf of herself and the Estate of Melvin Banks, Jr.; Marion Banks; Roberta Banks; Richard Banks on behalf of himself and the Estates of Carolyn Banks and Melvin Banks, Sr.; Andrea Dixon; Deborah Dixon; Samuel L. Dixon; Dan Gardner; Cheryl Grant; Bobby Grovner; Celia Grovner; David Grovner, Sr., on behalf of himself and the Estate of Vernell Grovner; David Grovner, Jr.; Iregene Grovner, Jr.; Iregene Grovner, Sr.; Audrey Grovner on behalf of the Estate of Rall Grovner; Angela Hall; Angelina Hall; Reginald Hall; Benjamin Hall; Florence Hall; Margaret Hall on behalf of herself and the Estate of Charles Hall; Victoria Hall on behalf of herself and the Estate of Joseph Hall; Rosemary Harris; Dena Mae Harrison on behalf of the estate of Harold Hillery and on behalf of the estate of Johnnie Hillery; Brenda Jackson; Jesse Jones; Temperance Jones; Sonnie Jones;

Harry Lee Jordan; Tia LeGree on behalf of the estate of Earlene Davis; Delores Hillery Lewis; Johnny Matthews; Charlie Martin; Felicia Martin; Frances Mercer; Mary Dixon Palmer; Lisa Marie Scott; Andrea Sparrock; David Sparrock; Aaron Walker; Verdie Walker; Marcia Hall Wells; Stacey White; Sylvia Williams; Help Org, Inc.; and Raccoon Hogg, CDC (collectively, "Plaintiffs"), and Defendant McIntosh County reached and executed a settlement agreement resolving their claims against the County. *See* Exhibit A, Settlement Agreement.

3. This Addendum hereby incorporates and adopts the terms of the Settlement Agreement.

4. For and in consideration of the agreements set forth in Exhibit A, the receipt and sufficiency of which are hereby acknowledged, the Estate, for itself, its heirs, their executors, administrators, successors and assigns, do hereby fully, finally and forever release and discharge Defendant McIntosh County, and all administrators, directors, supervisors, and other officials and employees thereof, of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses of any and every nature and description whatsoever, related to those allegations asserted in the Action and Refund Actions, or which might have been asserted by or on behalf of the Estate against the Defendant McIntosh County in this Action, as of the Effective Date of this Settlement Agreement.

5. For and in consideration of the agreements set forth in Exhibit A, the receipt and sufficiency of which are hereby acknowledged, the Defendant McIntosh County, for itself, successors and assigns, does hereby fully, finally and forever release and discharge the Estate, their heirs, executors, administrators and assigns of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses of any and every nature and description whatsoever related to the allegations and defenses raised in the Action and Refund Actions

which might have been asserted by or on behalf of the Defendant McIntosh County against the Estate as of the Effective Date of this Settlement Agreement.

6. Nothing in this Section shall preclude the Estate from seeking to enforce the terms in the manner provided for in this settlement agreement.

7. Within 5 days of the Effective Date of this Settlement Agreement, the Estate shall submit a stipulation of dismissal with prejudice of the pending claims against Defendant McIntosh County. The Court shall retain jurisdiction over the Defendant McIntosh County for a period of three years after entry of the Settlement Agreement, for the purpose of enforcing or interpreting the provisions of this Settlement Agreement.

| CONSENTED TO:<br><br>*/s/ Valencia C Yarbrough*<br>Nov. 4, 2022<br>VALENCIA YARBROUGH on behalf of<br>THE ESTATE OF VALERIE DAWSON<br><br>DATE: | CONSENTED TO:<br><br>*/s/ Michael Dawson*<br><br>MICHAEL DAWSON on behalf of<br>THE ESTATE OF VALERIE DAWSON<br><br>DATE: 11/4/22 |
|---|---|
| CONSENTED TO:<br><br>*/s/*<br>MCINTOSH COUNTY<br><br>DATE: 11/7/22 | |